UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CECIL HART,<br><br>                    Plaintiff,<br>    v.<br><br>STATE OF WASHINGTON,<br><br>                    Defendants. | Case No. 3:23-cv-05347-DGE-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JUNE 9, 2023 |

This matter is before the Court on Plaintiff's filing of an application to proceed *in forma pauperis* (IFP) and a proposed civil rights complaint. Dkts. 1, 4. The Court has considered Plaintiff's proposed complaint and concludes Plaintiff has not stated a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Accordingly, the Court recommends this case be dismissed for failure to state a claim and Plaintiff's IFP application be denied.

### BACKGROUND

On May 3, 2023, Plaintiff submitted to the Court for filing a pleading that he identified as a "Complaint in an Action to Enjoin Enforcement of Prison Regulations Restricting Attorney-Client Conferences and Alleging Civil Rights Violations." Dkt. 1. He names the state of Washington as the only Defendant. Though Plaintiff's pleading is not a model of clarity, it appears to relate to his ongoing criminal proceedings.

REPORT AND RECOMMENDATION - 1

|   |   |
|---|---|
| 1 | Plaintiff asserts that he, and unnamed others, "accuse [the] Pierce County Judicial process of multiple Due Process Violations and Constitutional Violations." Dkt. 1 at 1.  He goes on to reference the omnibus hearing requirement set forth in Washington Superior Court Criminal Rule (CrR) 4.5, and he claims that "the omnibus hearing by very definition demands defendents [sic] presence." *Id*. at 2, 4. |

Plaintiff suggests, though he does not clearly assert, that the Pierce County Superior Court has not allowed criminal defendants to attend their omnibus hearings, apparently because of COVID-19 related restrictions.  *See* Dkt. 1-1 at 3-5. Plaintiff maintains that the restrictions imposed on pending criminal proceedings violate the Eighth Amendment, the due process and equal protection clauses of the Fourteenth Amendment, and the Sixth Amendment right to effective counsel.  *Id.*

### III.   DISCUSSION

#### A.   Legal Standards

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that

the pleader is entitled to relief, and a demand for the relief sought.  The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In addition, a complaint must allege facts to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of.  *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

A local government unit or municipality can be sued as a "person" under § 1983.  *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978).  However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Id*. at 691.  A plaintiff seeking to impose liability on a municipality under § 1983 must

identify a municipal "policy" or "custom" that caused his or her injury. *Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

### B. Analysis

#### 1. State of Washington as Defendant

Plaintiff identifies the state of Washington as the only Defendant in his complaint. The Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. *See* U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). However, "[a] state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted).

Here, there is no indication the State has waived sovereign immunity rights under the Eleventh Amendment. Therefore, the Court finds Plaintiff cannot state a claim upon which relief can be granted as to the State of Washington. *See Safouane v. Fleck*, 226 F. App'x 753, 760 (9th Cir. 2007) ("Washington state courts have held that the State of Washington has not waived its Eleventh Amendment immunity for purposes of actions under § 1983.").

#### 2. Younger Abstention

It appears that Plaintiff is attempting to challenge in this action the procedures being employed to adjudicate the criminal charges currently pending against him in

Pierce County Superior Court. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger*, 401 U.S. at 43-46. "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 435 (1982).

Here, Plaintiff is subject to an ongoing state criminal proceeding, and that proceeding implicates important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43-45. Plaintiff alleges no facts demonstrating that he could not have raised the claims asserted in this action in his ongoing criminal case,

and it appears that this Court's resolution of the claims asserted herein could effectively enjoin the ongoing state judicial proceeding as they pertain to the constitutionality of the manner in which the state court is adjudicating the criminal charges against Plaintiff. Finally, Plaintiff's pleading does not reveal any extraordinary circumstance that would make abstention inappropriate.  It thus appears that *Younger* abstention applies to Plaintiff's claims.

### IV. CONCLUSION

Where a *pro se* litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.*  Because Plaintiff has not identified a viable defendant in this action and because, in any event, Plaintiff has an ongoing state criminal case requiring the Court to abstain from consideration of his claims pursuant to *Younger*, this Court recommends that this § 1983 action be dismissed without leave to amend and without prejudice.  A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Plaintiff shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **June 9, 2023**, as noted in the caption.

Dated this 25th day of May, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTED FOR JUNE 9, 2023 - 7